Mingzi "Marjorie" Ouyang (SBN 314334)
E-Mail: Marjorie.ouyang@valleysummitlaw.com
Valley & Summit Law PC
One Park Plaza, Suite 600
Irvine, CA 92614
Tel: (909) 248 4522
Local Counsel for Plaintiff EOM Sales, Inc.

Chandler E. Schmidt(Pro hac vice to be submitted)
Nathaniel T. Martens(Pro hac vice to be submitted)
cschmidt@fleeson.com
nmartens@fleeson.com
FLEESON, GOOING, COULSON & KITCH, L.L.C.
1900 Epic Center
301 N. Main
Wichita, KS 67202
Tel: (316) 267-7361
Attorneys for Plaintiff EOM Sales, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EOM SALES, INC.,<br>Plaintiff(s),<br>vs.<br>DBEST PRODUCTS INC.,<br>Defendant(s). | Case No.: 2:26-cv-11217<br><br>Complaint |

## Nature of Action

1. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the patent laws of the United States, 35 U.S.C. § 100 et seq. for declaratory judgment of non-infringement and invalidity of U.S. Patent Number 9,392,766 ("the '766 patent") and claims for tortious interference by dBest Products, Inc. ("dBest"). Attached hereto as Exhibit A is a true and correct copy

of the ’766 patent.

2. EOM Sales, Inc. (“EOM”), is a seller of pet carrier products through its online store on Amazon.com. EOM has been selling these products since at least 2023.

3. EOM brings the declaratory judgment and tortious interference action in view of the actual controversy that dBest has created by filing reports with Amazon.com that allege patent infringement of the ’766 patent by EOM, which has affected EOM’s ability to sell its products to consumers in this District.

**The Parties**

4. EOM is a New York corporation with a principal place of business in New York City, New York.

5. dBest is a California corporation with a principal place of business in Carson, California and may be served through its agent for service of process, Richard Elden, at 16506 S Avalon Blvd., Carson, California 90746. dBest is the assignee of the ’766 patent.

**Jurisdiction and Venue**

6. This is an action for: (a) a declaration of non-infringement of the ’766 patent arising under the patent laws of the United States, 35 U.S.C. § 100 et seq.; (b) tortious interference with contract under the laws of the State of California; and (c) tortious interference with economic advantage under the laws of the State of California.

7. This Court has original jurisdiction over the patent-related claim pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Court is authorized to—and should—exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over dBest, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400. This Court has personal jurisdiction over dBest because it is a resident of this District.

**General Allegations**

9. EOM has been selling its products on Amazon.com through various Amazon Standard Identification Numbers (ASINs).

10. In order to submit a patent infringement report to Amazon, Inc. ("Amazon"), the patent owner must declare that they have a good faith belief that the products infringe the asserted patent and that, under penalty of perjury, that the information provided is correct and accurate.

11. Upon information and belief, dBest submitted a first report against several ASINs in which EOM sold its pet carrier products to Amazon based on alleged infringement of the '766 patent on or around February 24, 2025. As a result, Amazon removed EOM's reported ASINs. This resulted in EOM's reported ASINs being down for 29 days during which EOM could not sell its products through those ASINs resulting in a loss of sales and incurring fees associated with warehousing products that could not be sold.

12. On or around March 11, 2025, EOM contacted dBest explaining the clear non-infringement position of its products with respect to the '766 patent.

13. In an email dated March 24, 2025, dBest indicated it had reviewed EOM's products and decided to retract its first report against EOM's products. dBest's decision to withdraw its report against EOM in response to EOM's request was at a minimum an implicit admission that EOM's products were not infringing the '766 patent.

14. Relying on dBest's implicit admission of non-infringement through its reinstatement of the ASINs, EOM continued its business operations, including procuring additional inventory and spending money on advertising to regain the rankings of the ASINs as top selling products.

15. On or around November 26, 2025—two days before Black Friday—dBest submitted a second report to Amazon for patent infringement based on the '766 patent against several of EOM's ASINs resulting in the removal of those ASINs and additional losses in sales and warehousing fees.

16. EOM again contacted dBest regarding the second report and requested that dBest withdraw its report. dBest responded by saying "apologies, a request has been submitted". On December 1, 2025, dBest further promised EOM "I assure you it will not happen again."

17. EOM again relied on dBest's promise in order to continue its operations, including procuring additional inventory and spending money on advertising.

18. On or around April 20, 2026, dBest submitted a third report to Amazon against EOM's ASINs for patent infringement based on the '766 patent. EOM contacted dBest multiple times requesting retraction of the third report. Although dBest has never explained or provided support for its position that EOM is purportedly infringing the '766 patent (as dBest reported to Amazon), dBest has failed to retract the report.

19. dBest's failure to retract the third report is causing EOM significant and ongoing economic harm in the form of loss of sales, warehousing fees, and reductions of its Amazon Seller Performance Score.

**Count I:**

**Declaratory Judgment of Non-Infringement**

20. EOM incorporates by reference the preceding paragraphs.

21. Each independent claim of the '766 patent (claims 1, 2, and 10) recites "rear wheels… that rotate in a straight direction".

22. EOM's products lack this element because all of its wheels are caster wheels that can rotate in any direction.



23. Each independent claim of the ’766 patent recites that the handle is “retained under the flat base platform when in storage”.

24. EOM’s products lack this element because they have handles that are retained above the four bars of the base portion when in storage.




25. Each independent claim of the ’766 patent recites that the base portion has an upper surface that includes hook and loop fasteners.

26. EOM’s products lack this element because their bases do not include any hook and loop fasteners.



27. Because EOM’s products clearly lack several elements recited in each of the independent claims of the ’766 patent, EOM’s products do not infringe the ’766 patent.

28. Accordingly, EOM respectfully requests a declaration by this Court that

EOM's products do not infringe the '766 patent.

**Count II:**

**Declaratory Judgment of Invalidity**

29. EOM incorporates by reference the preceding paragraphs.

30. Independent claim 1 of the '766 patent recites "heavy duty luggage wheels" and "the entire assembly is very flat".

31. These terms are indefinite such that they would fail to inform, with reasonable certainty, a person having ordinary skill in the art about the scope of the invention.

32. Independent claims 2 and 10 recite "heavy duty luggage wheels".

33. This term is indefinite such that it would fail to inform, with reasonable certainty, a person having ordinary skill in the art about the scope of the invention.

34. Accordingly, EOM respectfully requests a declaration by the Court that the '766 patent is invalid for failure to meet the requirements for patentability as set forth in 35 U.S.C. § 112.

**Count III**

**Tortious Interference with Contractual Relations**

35. EOM incorporates by reference the preceding paragraphs.

36. EOM is in a contractual relationship as an Amazon Seller with Amazon.com, Inc. ("Amazon").

37. dBest knew of EOM's listings and storefront on Amazon.com because of communications between EOM's counsel and representatives for dBest as well as dBest's identification of EOM's ASINs on Amazon.com in its infringement report; therefore, dBest knew about the contractual relationship between EOM and Amazon.

38. dBest intentionally submitted a report to Amazon on or around April 20, 2026 in which dBest, in bad faith, alleged that EOM's products infringe the '766 patent.

39. dBest's report to Amazon was objectively baseless because EOM's products lacked several elements of the independent claims of the '766 patent.

40. dBest's report was subjectively baseless because dBest knew that EOM's products lacked the several elements of the independent claims of the '766 patent based on its representative implicitly admitting on December 1, 2025 that EOM's products do not infringe the '766 patent.

41. dBest submitted the report to Amazon, under penalty of perjury, that the information provided in the report was correct and accurate.

42. dBest submitted the report to Amazon, falsely stating and/or negligently misrepresenting to Amazon that dBest had a good faith belief that the products infringe the '766 patent.

43. dBest knew that by submitting the report, Amazon would likely remove EOM's ASINs.

44. Based on dBest's report that it submitted to Amazon, Amazon removed several ASINs through which EOM sells its products.

45. As a result, EOM has suffered a loss of sales, warehousing fees, and other economic harm.

**Count IV:**

**Tortious Interference with Prospective Economic Advantage**

46. EOM incorporates by reference the preceding paragraphs.

47. EOM enjoys an economic relationship with Amazon in which it can sell its products on Amazon.com.

48. dBest knew of EOM's ASINs and storefront on Amazon.com based on dBest's infringement reports identifying EOM's ASINs and from communications with EOM's attorney; therefore, dBest knew of EOM's economic relationship with Amazon.

49. dBest submitted a report to Amazon in bad faith on or around April 20, 2026 in which dBest falsely alleged that EOM's products infringe the '766 patent.

50. dBest's report to Amazon was objectively baseless because EOM's products lacked several elements of the independent claims of the '766 patent.

51. dBest's report was subjectively baseless because dBest knew that EOM's products lacked the several elements of the independent claims of the '766 patent based on its representative implicitly admitting on December 1, 2025 that EOM's products do not infringe the '766 patent.

52. dBest submitted the report to Amazon, falsely stating and/or negligently misrepresenting to Amazon that dBest had a good faith belief that the products infringe the '766 patent.

53. EOM relied on dBest's assurances that dBest will not submit further patent infringement reports against EOM's products or ASINs.

54. dBest submitted the report to Amazon, under penalty of perjury, that the information provided in the report was correct and accurate.

55. dBest submitted the report to Amazon, falsely stating and/or negligently misrepresenting to Amazon that dBest had a good faith belief that the products infringe the '766 patent.

56. dBest knew that by submitting the report, Amazon would likely remove EOM's ASINs.

57. Based on dBest's report that it submitted to Amazon, Amazon removed several ASINs through which EOM sells its products, thereby severely disrupting the economic relationship between EOM and Amazon.

58. As a result of the ASINs being removed, EOM has suffered a loss of sales through Amazon.com, warehousing fees, and other economic harm.

## Prayer for Relief

WHEREFORE, EOM prays for the Court to enter:

(1) A declaratory judgment that the '766 patent is not infringed by EOM;

(2) A declaratory judgment that the '766 patent is invalid;

(3) An injunction against dBest and its officers, directors, affiliates, subsidiaries, agents, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

(a) Restraining and enjoining, preliminarily and permanently, any assertion of the '766 patent against EOM; and

(b) Requiring that dBest provide written notice of the injunction to all enjoined parties.

(4) A judgment that this case is exceptional under 35 U.S.C. § 285 due to dBest's conduct aimed at eliminating a competitor's product by falsely claiming that EOM's products infringe, despite knowing that they do not infringe;

(5) A judgment awarding EOM its damages for dBest's tortious interference with contractual relations;

(6) A judgment awarding EOM its damages for dBest's tortious interference with prospective economic advantage;

(7) A judgment awarding EOM its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly,

(8) A judgment that dBest pay EOM's pre-judgment interest on all sums awarded;

(9) A judgment requiring dBest to pay EOM punitive damages for its tortious conduct; and

(10) Any other orders granting to EOM such further relief as may be equitable and proper.

Dated: September 28, 2026

Respectfully submitted,

VALLEY & SUMMIT LAW PC
By: /s/ Mingzi "Marjorie" Ouyang
Mingzi "Marjorie" Ouyang
Local Counsel for Plaintiff
EOM Sales, Inc.
FLEESON, GOOING, COULSON & KITCH, L.L.C.
Chandler E. Schmidt (Pro hac vice to be submitted)
Nathaniel T. Martens (Pro hac vice to be submitted)
Attorneys for Plaintiff EOM Sales, Inc.